JUDGE SWAIN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

14 CV 5088

LIANE ARIAS, individually and on behalf of other persons similarly situated who were employed,

Plaintiffs,

- against -

CLEAR CHANNEL BROADCASTING, INC. and/or any other entities affiliated with or controlled by CLEAR CHANNEL BROADCASTING, INC.,

Defendants.

Case No.

**CLASS ACTION COMPLAINT**

Jury Trial

RECEIVED
JUL 08 2014
U.S.D.C. S.D.N.Y.
CASHIERS

Plaintiff, by her attorneys, Virginia & Ambinder, LLP and Leeds Brown Law, P.C., alleges upon knowledge to herself and upon information and belief as to all other matters as follows:

**PRELIMINARY STATEMENT**

1. This action is brought pursuant to the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. §§ 206 and 216(b); New York Labor Law §§ 650 *et seq* and 663; New York Labor Law § 190 *et seq.*; and 12 New York Codes, Rules and Regulations (hereinafter referred to as "NYCRR") § 142 et seq.; to recover unpaid minimum wages owed to Plaintiff and all similarly situated persons who are presently or were formerly employed by CLEAR CHANNEL BROADCASTING, INC., and/or any other entities affiliated with or controlled by CLEAR CHANNEL BROADCASTING, INC. (hereinafter referred to as "Defendants" or "Clear Channel").

2. Beginning in approximately July 2008 and, upon information and belief, continuing through the present, Defendants have wrongfully withheld wages from Plaintiff and other similarly situated individuals who worked for Defendants.

3. Beginning in approximately July 2008 and, upon information and belief, continuing through the present, Defendants have wrongfully classified Plaintiff and others similarly situated as exempt from minimum wage requirements.

4. Beginning in approximately July 2008 and, upon information and belief, continuing through the present, Defendants have engaged in a policy and practice of failing to pay their employees minimum wages as required by applicable federal and state law.

5. Plaintiff has initiated this action seeking for herself, and on behalf of all similarly situated employees, all compensation that they were deprived of, plus interest, damages, attorneys' fees and costs.

## JURISDICTION

6. Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331 and 1337. This Court also has supplemental jurisdiction under 28 U.S.C. § 1367 of the claims brought under New York Labor Law.

7. The statute of limitations under FLSA, 29 U.S.C. § 255(a), for willful violations is three (3) years.

8. The statute of limitations under New York Labor Law § 198(3) and the other relevant portions of the New York Labor Law is six (6) years.

## VENUE

9. Venue for this action in the Southern District of New York under 28 U.S.C. § 1391(b) is appropriate because a substantial part of the events or omissions giving rise to the claims occurred in the Southern District of New York.

## THE PARTIES

10. Plaintiff LIANE ARIAS, a/k/a Stephanie Perez, is an individual who is currently a resident of New York and was employed by Defendants from approximately August 2011 until December 2011.

11. Although the Defendants misclassified Plaintiff and other members of the putative class as unpaid interns, Plaintiff is a covered employee within the meaning of the FLSA and NYLL.

12. Upon information and belief, Defendant CLEAR CHANNEL BROADCASTING, INC., is a foreign business corporation organized and existing under the laws of Nevada and authorized to do business in New York, with its principal place of business at 200 East Basse Road, San Antonion, Texas, and is engaged in the business of telecommunications and advertising.

13. Defendants own and operate various radio stations, mass media, and advertising platforms and programs that provide a variety of audio content including music, sports, talk radio, and other similar content, along with visual advertisement.

14. Defendants engage in interstate commerce, produce goods for interstate commerce, and/or handle, sell, or work on goods or materials that have been moved in or produced for interstate commerce.

15. Upon information and belief, Defendants' annual gross volume of sales made or business done is not less than $500,000.

## CLASS ALLEGATIONS

16. This action is properly maintainable as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), and as a Class Action under Rule 23 of the Federal Rules of Civil Procedure.

17. This action is brought on behalf of the Plaintiff and a putative class consisting of similarly situated employees who worked for Defendants as interns, and were thus misclassified as exempt from minimum wage requirements.

18. Plaintiff and potential plaintiffs who elect to opt-in as part of the collective action are all victims of the Defendants' common policy and/or plan to violate the FLSA by (1) failing to pay all earned wages; (2) misclassifying Plaintiff and members of the putative collective as exempt from minimum wage requirements; (3) failing to provide the statutory minimum hourly wage for all hours worked pursuant to 29 U.S.C. § 206.

19. The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be in excess of 50 employees. In addition, the names of all potential members of the putative class are not known or knowable without Defendants' records or discovery.

20. The questions of law and fact common to the putative class predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to: (1) whether Defendants failed to pay Plaintiff and members of the putative class all earned wages; (2) whether the Defendants misclassified Plaintiff and members of the putative class as exempt from minimum wages; (3) whether the Defendants required Plaintiff and members of the putative class to perform work on its behalf and for its benefit for which they were not compensated; and (4) whether the Defendants failed to pay the statutory minimum wage rate, in violation of New York state law.

21. The claims of the Plaintiff are typical of the claims of the putative class. The Plaintiff and putative class members were all subject to Defendants' policies and willful

practices of failing to pay employees all earned minimum wages. Plaintiff and putative class members have thus sustained similar injuries as a result of the Defendants' actions.

22. Upon information and belief, Defendants uniformly apply the same employment policies, practices, and procedures to all interns who work at Defendants' locations.

23. Plaintiff and her counsel will fairly and adequately protect the interests of the putative class.

24. Plaintiff has retained counsel experienced in complex wage and hour collective and class action litigation.

25. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The individual Plaintiff and putative class action members lack the financial resources to adequately prosecute separate lawsuits against Defendants. A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendants' policies.

**FACTS**

26. Beginning in or about July 2008 until the present, Defendants employed the Plaintiff and other members of the putative class as interns to perform various tasks related and necessary to the maintenance of Defendants' operations.

27. Named Plaintiff LIANE ARIAS was employed by the Defendants from approximately August 2011 until December 2011 as an unpaid intern for Clear Channel's promotions and marketing department.

28. While employed as an intern for Defendants, Plaintiff Arias' primary job duties included searching out current events and assembling reports; creating newspaper articles; going to promotional events and "giveaways" to promote Defendants' radio stations, along with other tasks necessary to the maintenance of Defendants' operations.

5

29. Throughout the length of her employment, Plaintiff TIERNEY typically worked three days each week, approximately eight hours each day when in the office and up to twenty hours each day when out of the office performing promotional activities.

30. Defendants did not provide any compensation to Plaintiff for the hours she worked.

31. Upon information and belief, Defendants did not provide any compensation to members of the putative class.

32. Defendants have benefited from the work that Plaintiff and members of the putative class performed.

33. Defendants would have hired additional employees or required existing staff to work additional hours had Plaintiff and the members of the putative class not performed work for Defendants.

34. Defendants did not provide academic or vocational training to Plaintiff or members of the putative class.

35. Defendants' unlawful conduct has been pursuant to a corporate policy or practice of minimizing labor costs by denying Plaintiff and members of the putative class wages in violation of the FLSA and NYLL.

36. Defendants' unlawful conduct, as set forth in this Complaint, has been intentional, willful, and in bad faith, and has caused significant damages to Plaintiff and members of the putative class.

37. While working for Defendants, Plaintiff and the members of the putative class were regularly required to perform work for Defendants, without receiving minimum wages as required by applicable federal and state law.

## FIRST CAUSE OF ACTION:
## FLSA MINIMUM WAGE COMPENSATION

38. Pursuant to 29 U.S.C. § 206, "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates: (1) except as otherwise provided in this section, not less than -- (A) $5.85 an hour, beginning on the 60th day after May 25, 2007; (B) $6.55 an hour, beginning 12 months after that 60th day; and (C) $7.25 an hour, beginning 24 months after that 60th day [July 24, 2009]."

39. Clear Channel, is an employer, within the meaning contemplated, pursuant to 29 U.S.C. § 203(d).

40. Plaintiff and other members of the putative collective action are employees, within the meaning contemplated, pursuant to 29 U.S.C. § 203(e).

41. Plaintiff and other members of the putative collective action, during all relevant times, engaged in commerce or in the production of goods for commerce, or were employed in an enterprise engaged in commerce or in the production of goods for commerce.

42. None of the exemptions of 29 U.S.C. § 213 apply to Plaintiff or other similarly situated employees.

43. Defendants violated the FLSA by failing to pay Plaintiff and other members of the putative collective action minimum wages for all hours worked in any given week.

44. Upon information and belief, the failure of Defendants to pay Plaintiff and other members of the putative collective action their rightfully-owed wages was willful.

7

45. By the foregoing reasons, Defendants are liable to Plaintiff and members of the putative collective action in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest and attorneys' fees and costs.

## SECOND CAUSE OF ACTION:
## NEW YORK MINIMUM WAGE COMPENSATION

46. Title 12 NYCRR § 142-2.1 states that, "[t]he basic minimum hourly rate shall be: (a) The basic minimum hourly wage rate shall be: (1) $7.15 per hour on and after January 1, 2007; (2) $7.25 per hour on and after July 24, 2009; (3) $8.00 per hour on and after December 31, 2013; (4) $8.75 per hour on and after December 31, 2014; (5) $9.00 per hour on and after December 31, 2015, or, if greater, such other wage as may be established by Federal law pursuant to 29 U.S.C. section 206 or its successors."

47. New York Labor Law § 663 provides that "[i]f any employee is paid by his employer less than the wage to which she is entitled under the provisions of this article, she may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorneys' fees."

48. Pursuant to Labor Law § 651, the term "employer" includes "any individual, partnership, association, corporation, limited liability company, business trust, legal representative, or any organized group of persons acting as employer."

49. Pursuant to New York Labor Law §§ 190, *et seq.*, 650, *et seq.*, and the cases interpreting same, Clear Channel, is an "employer."

50. Pursuant to Labor Law § 651, the term "employee" means "any individual employed or permitted to work by an employer in any occupation."

51. As persons employed for hire by Defendants, Plaintiff and members of the putative class are "employees," as understood in Labor Law § 651.

8

52. The minimum wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiff and members of the putative class.

53. Upon information and belief, Defendants violated New York Labor Law § 650 et seq. and 12 NYCRR § 142-2.1 by failing to pay Plaintiff and other members of the putative class minimum wages for all hours worked in any given week.

54. Upon information and belief, the failure of Defendants to pay Plaintiff and other members of the putative class their rightfully-owed wages was willful.

55. By the foregoing reasons, Defendants have violated New York Labor Law § 650 et seq. and 12 NYCRR § 142-2.1, and are liable to Plaintiff and other members of the putative class action in an amount to be determined at trial, plus damages, interest, attorneys' fees and costs.

### THIRD CAUSE OF ACTION:
### NEW YORK FAILURE TO PAY WAGES

56. Pursuant to Article Six of the New York Labor Law, workers, such as Plaintiff and other members of the putative class, are protected from wage underpayments and improper employment practices.

57. Pursuant to New York Labor Law § 652, and the supporting New York State Department of Labor Regulations, "every employer shall pay to each of its employees for each hour worked a wage of not less than . . . $7.15 per hour on and after January 1, 2007; $7.25 per hour on and after July 24, 2009, or, if greater, such other wage as may be established by federal law pursuant to 29 U.S.C. section 206 or its successors, or such other wage as may be established in accordance with the provisions of this article."

58. Pursuant to New York Labor Law § 190, the term "employee" means "any person employed for hire by an employer in any employment."

59. As persons employed for hire by Defendants, Plaintiff and other members of the putative class are "employees," as understood in Labor Law § 190.

60. Pursuant to New York Labor Law § 190, the term "employer" includes "any person, corporation, limited liability company, or association employing any individual in any occupation, industry, trade, business or service."

61. As entities that hired the Plaintiff and other members of the putative class, Clear Channel is an "employer."

62. The agreed upon wage rate for Plaintiff and other members of the putative class was within the meaning of New York Labor Law §§ 190, 191 and 652.

63. Pursuant to New York Labor Law § 191 and the cases interpreting the same, workers such as Plaintiff and other members of the putative class are entitled to be paid all their weekly wages "not later than seven calendar days after the end of the week in which the wages are earned."

64. In failing to pay the Plaintiff and other members of the putative class proper wages, Defendants violated New York Labor Law § 191.

65. Pursuant to New York Labor Law § 193, "No employer shall make any deduction from the wages of an employee," such as Plaintiff and other members of the putative class, that is not otherwise authorized by law or by the employee.

66. By withholding wages from Plaintiff and other members of the putative class, pursuant to New York Labor Law § 193 and the cases interpreting the same, Defendants made unlawful deductions in wages owed to Plaintiff and other members of the putative class.

67. Upon information and belief, Defendants' failure to pay Plaintiff and members of the putative class minimum wages was willful.

68. By the foregoing reasons, Defendants have violated New York Labor Law § 198 and are liable to Plaintiff and other members of the putative class in an amount to be determined at trial, plus damages, interest, attorneys' fees and costs.

## FOURTH CAUSE OF ACTION:
## NEW YORK WAGE THEFT NOTICE

69. Pursuant to Article Six of the New York Labor Law, Defendant Clear Channel, and related entities are employers, within the meaning contemplated, pursuant to New York Labor Law Article 19 § 651(6) and the supporting New York State Department of Labor Regulations.

70. Plaintiffs, and those individuals similarly situated are employees within the meaning contemplated, pursuant to New York Labor Law Article 19 § 651(5) and the supporting New York State Department of Labor Regulations.

71. NYLL § 195(1) requires an employer such as Defendants, at commencement of employment and February of every year, to "provide his or her employees, in writing in English and in the language identified by each employee as the primary language of such employee, … a notice containing… the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances."

72. NYLL § 195(3) requires an employer such as Defendants to "furnish each employee with a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages. For all employees who are not exempt from overtime compensation as established in the commissioner's minimum wage orders

or otherwise provided by New York state law or regulation, the statement shall include the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked . . . ."

73. Plaintiff, and upon information and belief other members of the putative class, did not receive the required yearly wage notice or required weekly wage statements pursuant to NYLL § 195.

74. By the foregoing reasons, Defendants have violated NYLL § 195 and are liable to the named Plaintiff and other members of the putative class for the penalties set forth in N.Y. Labor Law § 198, post-judgment interest, attorneys' fees, and the costs and disbursements of this action.

**WHEREFORE**, Plaintiff, individually and on behalf of all other persons similarly situated who were employed by Defendants, demands judgment:

(1) on the first cause of action against Defendants, in an amount to be determined at trial plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs;

(2) on the second cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs;

(3) on the third cause of action against Defendants, in an amount to be determined at trial, plus damages, interest, attorneys' fees and costs, pursuant to the cited New York Labor Law provisions;

(4) on the fourth cause of action against Defendants, in an amount to be determined at trial, plus damages, interest, attorneys' fees and costs, pursuant to the cited New York Labor Law provisions;

(5) together with such other and further relief as this Court may deem just and proper.

Dated: Carle Place, New York
July 8, 2014

VIRGINIA & AMBINDER, LLP

James Emmet Murphy
Lloyd R. Ambinder

LaDonna Lusher
111 Broadway, Suite 1403
New York, New York 10006
Tel:  (212) 943-9080
Fax:  (212) 943-9082
lambinder@vandallp.com

&

LEEDS BROWN LAW, P.C.
Jeffrey K. Brown
Michael A. Tompkins
Daniel Markowitz
One Old Country Road, Suite 347
Carle Place, NY 11514
(516) 873-9550
jbrown@leedsbrownlaw.com

*Attorneys for Plaintiff and the putative class*