UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LIANE ARIAS, individually and on behalf of other persons similarly situated who were employed,

Plaintiffs,

- against -

CLEAR CHANNEL BROADCASTING, INC. and/or any other entities affiliated with or controlled by CLEAR CHANNEL BROADCASTING, INC.,

Defendants.

---

Case No. 14-CV-05088 (SN)

**FINAL ORDER**
**APPROVING SETTLEMENT**

WHEREAS, the Parties have made an application, pursuant to Rule 23(e) Fed. R. Civ. P. and 29 U.S.C. § 216(b), for an order approving settlement in the above-entitled action (the "Lawsuit") of the claims alleged, in accordance with the Joint Stipulation of Settlement and Release ("Stipulation", *see* Doc. 47-1) which sets forth the terms and conditions for the settlement of the Lawsuit against Defendant and for dismissal of the Lawsuit against Defendant with prejudice upon the terms and conditions set forth therein, and the Court has read and considered the Stipulation, the memorandum of law in support of final approval, the memorandum of law in support of attorneys' fees and service awards, and the Declaration of LaDonna M. Lusher, and exhibits attached thereto;

WHEREAS, on July 10, 2015, this Court issued an order preliminarily approving the proposed settlement agreement and providing for court approved notice of the settlement to the Rule 23 Class Members and FLSA Collective Members. Based on its preliminary review, this Court found that the settlement was fair, just, reasonable, and in the best interest of the Named Plaintiff, Rule 23 Class Members, and FLSA Collective Members. Pursuant to Rule 23(e) of the

Federal Rules of Civil Procedure, this Court also scheduled a Fairness Hearing to further discuss the terms of the settlement and to provide an opportunity for any objections to be heard.

WHEREAS, Class Counsel has advised that no written objections to the settlement have been received and only eight class members have opted out of the settlement. Further, no one appeared at the Fairness Hearing, held on January 28, 2016, to voice an objection or otherwise be heard to contest the settlement.

WHEREAS, the Court is satisfied that the proposed settlement meets both procedural and substantive fairness.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1.     This Court has jurisdiction over the subject matter of the Lawsuit, and over all parties to the Lawsuit, including all Rule 23 Class Members and Participating Claimants.

2.     For purposes of this Order, all terms not otherwise defined herein shall have the same meanings set forth in the Stipulation.

3.     Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court grants final certification, for settlement purposes only, of a Rule 23 Class consisting of all individuals who were unpaid Interns for Defendant in the State of New York from July 9, 2008 through July 10, 2015 as they meet all of the requirements for class certification under Federal Rule of Civil Procedure 23(a) and (b)(3).

4.     For settlement purposes only, the Court also grants final approval of an FLSA Collective of all individuals who, as reflected in Defendant's records, were unpaid Interns for Defendant in New York State during the period from June 1, 2012 through July 10, 2015 and submitted a Claim Form to the Settlement Claims Administrator.

5.      The settlement as set forth in the Stipulation is approved and is, in all respects, fair, reasonable, adequate and in the best interests of the Named Plaintiff, Participating Claimants, and the Rule 23 Class Members, in accordance with Rule 23(e) of the Federal Rules of Civil Procedure.

6.      All terms and provisions of the Stipulation shall be implemented.

7.      Class Counsel shall be awarded attorneys' fees and costs in the amount of Two Hundred Thousand Dollars ($200,000.00), which is equivalent to a 1.27 multiplier of their lodestar.

8.      For services rendered on behalf of the Lawsuit and Class Members, Named Plaintiff Arias shall be awarded $5,000.00. This service award is in addition to the settlement amount she is eligible to receive pursuant to the Stipulation as a member of the Rule 23 Class Members and FLSA Collective Members.

9.      Rule 23 Class Members who have not properly and timely exercised their opt-out rights in the Lawsuit are conclusively deemed to have released or discharged Defendant from, and are permanently enjoined and barred from asserting, either directly or indirectly, against Defendant, any and all claims released in the Stipulation.  All such matters are hereby finally concluded, terminated and extinguished.

10.     The Court hereby dismisses the Lawsuit with prejudice and enters Judgment pursuant to the Stipulation and in accordance with Fed. R. Civ. P. 58.

11.     Without affecting the finality of this Order in any way, this Court hereby retains jurisdiction over consummation and performance of the Agreement.

SO ORDERED THIS 2nd DAY OF February 2016.

_____
SARAH NETBURN
United States Magistrate Judge